

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
NORTHERN DIVISION

| | |
|---|---|
| MARINO MANUEL BORGES,<br><br>Plaintiff,<br><br>vs.<br><br>U.S. MARSHAL, ROBERTS COUNTY JAIL, JAMES L. FOSTER, Jail Administrator, Roberts County Jail, and ROBERTS COUNTY SHERIFF,<br><br>Defendants. | 1:23-CV-01003-CBK<br><br>MEMORANDUM OPINION AND ORDER |

    Plaintiff is a federal pretrial detainee at the Cass County Jail in Fargo, North Dakota. He is facing charges in the United States District Court for the District of North Dakota, 3:22-cr-00031-PDW. In the North Dakota federal criminal case, Chief Judge Peter D. Welte ordered Borges to undergo a competency evaluation. Following the evaluation, the parties stipulated that Borges was incompetent to assist in his defense and he was committed to the custody of the Attorney General on August 16, 2022, for hospitalization to restore his competency. It appears that he was transferred by the U.S. Marshals Service shortly thereafter to the Roberts County Jail in Sisseton, South Dakota, to await designation and transfer to the Bureau of Prisons.

    Borges filed a complaint pursuant to 42 U.S.C. § 1983 and a motion for leave to proceed *in forma pauperis* without the prepayment of the filing fee. Plaintiff has made the requisite showing under 28 U.S.C. § 1915. Under the Prison Litigation Reform Act, "if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). Plaintiff must pay the full $350 filing fee notwithstanding whether or not the matter is subsequently dismissed as frivolous after review under 28 U.S.C. § 1915(e)(2).

A prisoner must pay, as an initial partial filing fee, 20% of the greater of the average monthly deposits to the prisoner's account or the average monthly balance of the prisoner's account for the last six months. 28 U.S.C. § 1915(b)(1)(A) and (B). The Court finds that plaintiff is required to make an initial partial filing fee of $5.00.

The Prison Litigation Reform Act requires the Court to screen prisoner complaints and dismiss any complaint that is "(1) frivolous, malicious, or fails to state a claim upon which relief may be granted or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). I am required to give the plaintiff's pro se complaint liberal construction and identify any discernable cognizable claim. Solomon v. Petray, 795 F.3d 777, 787 (8th Cir. 2015). I have conducted an initial review as required by § 1915A.

This is plaintiff's second suit against the U.S. Marshall and the Roberts County Jail arising out of his federal pretrial detention. Plaintiff's first suit, 22:1-cv-01015-CBK was dismissed on November 28, 2022, upon initial review. The allegations in the current complaint mirror the allegations in the first suit. Construing plaintiff's complaint liberally, plaintiff's complaint claims defendant U.S. Marshal violated the Speedy Trial Act, 18 U.S.C. § 3161(h)(1)(F), which excludes from the computation delay attributable to transportation of a defendant to and from places of hospitalization. He contends that the U.S. Marshal violated his rights when he was transported to the Roberts County Jail instead of being housed in the Cass County, North Dakota, jail. He contends such activities violate his federal constitutional rights, amount to kidnapping, trafficking, obstruction of justice, and depravation of liberty.

Plaintiff further contends that defendants violated his right to communicate with the federal court. Specifically, he alleges that, since he arrived in the Roberts County Jail, he has been unable to communicate with the federal courthouse in Fargo, North Dakota, the FBI, US Marshal, and that defendants have refused to provide contact information for several national legal organizations. He states that he has asked to be placed in the "shu" which I assume means "special housing unit" and defendants have refused. Finally he contends that defendants "have descriminate (sic) about me praying

2

to Santa Muerte" and that the food and water are horrible, He contends such activities violate his federal constitutional rights and amount to obstruction of justice.

Finally, plaintiff claims the "sheriff officer" walk in the dorms with their guns, which is intimidating, and they abuse their power. He cites no statutes or constitutional rights which were violated by this alleged behavior.

Plaintiff seeks $100 million damages from the U.S. Marshal, $50 million damages from the Roberts County Jail, and $500,000 damages from the Sheriff's Department. He also seeks release from jail and dismissal of his federal charges.

Plaintiff's complaint fails to state a claim for the same reasons his prior complaint was dismissed.

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48, 108 S. Ct. 2250, 2254-55, 101 L. Ed. 2d 40 (1988). Plaintiff has not alleged any federal constitutional right that was implicated by the U.S. Marshal's placement of plaintiff at the Roberts County Jail pending transportation to the B.O.P. for court-ordered hospitalization. Plaintiff contends that the delay in transporting him violates the Speedy Trial Act, 18 U.S.C. § 3161. There is no right to a civil remedy for alleged violations of the Speedy Trial Act. Any violation is redressable only in the context of the federal criminal proceedings pending against plaintiff in the District of North Dakota. Plaintiff has failed to state a claim upon which relief can be granted as to the delay in transporting him to the B.O.P. for hospitalization to possibly restore competency.

Plaintiff's claims regarding his inability to communicate with the federal court in North Dakota, the public defender, or the U.S. Marshals Service arise, if at all, under the First Amendment right to access the courts. "To succeed in an access-to-courts claim, a plaintiff must 'demonstrate that a nonfrivolous legal claim had been frustrated or was being impeded,' Johnson v. Missouri, 142 F.3d 1087, 1089 (8th Cir.1998) (*quoting* Lewis v. Casey, 518 U.S. 343, 353, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996)), and that he has

3

suffered an actual injury. Klinger v. Department of Corrections, 107 F.3d 609, 617 (8th Cir.1997)." Moore v. Plaster, 266 F.3d 928, 933 (8th Cir. 2001).

I take judicial notice of the plaintiff's criminal file, United States v. Marino Manuel Borges, District of North Dakota, 3:22-cr-00031-PDW, available in PACER and CMECF. Since plaintiff's placement at the Roberts County Jail in August, 2022, plaintiff has written four letters addressed to the federal court in North Dakota which were filed in his criminal case and therefore made available to the Court. Since the dismissal of his first § 1983 complaint, he has written seven letters addressed to the Court. Plaintiff is represented in his District of North Dakota criminal case by a federal public defender who filed a motion for a status conference in the criminal case to discuss the B.O.P.'s delay in admitting Mr. Borges for restoration of competency.

Plaintiff has failed to state a claim for violation of his First Amendment right to access the courts. His claim that he has been unable to access the federal court in the District of North Dakota to seek redress in his criminal case for his continued placement at the Roberts County Jail is contrary to the record in that case.

Plaintiff has failed to sufficiently allege any First Amendment claim arising out of his religious preferences nor has he plausibly alleged an Eighth or Fourteenth Amendment claim for the conditions of his confinement.

Based upon the foregoing,

IT IS ORDERED:

1. Plaintiff's application, Doc. 2, to proceed without the prepayment of the filing fee is granted.

2. Plaintiff shall pay an initial filing fee in the amount of $10.00 to the Clerk of the U.S. District Court, 225 S. Pierre Street, Pierre, SD, 57501.

3. Whenever the amount in plaintiff's trust account exceeds $5.00, the institution having custody of the plaintiff is hereby directed to forward monthly payments that equal 20% of the funds credited the preceding month to the plaintiff's trust account to the U.S. District Court Clerk's office pursuant to 28 U.S.C. § 1915(b)(2), until the $350.00 filing fee is paid in full.

4. The Clerk of Court shall send a copy of this order to the appropriate official at plaintiff's institution.

5. This matter is dismissed with prejudice and without costs pursuant to 28 U.S.C. § 1915(e)(2)(B). This dismissal constitutes a second strike pursuant to 28 U.S.C. § 1915(g).

DATED this 5th day of March, 2022.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge